UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARTIN CARTER

VERSUS

STATE FARM MUTUAL INSURANCE
COMPANY, ET AL.

CIVIL ACTION NO.

19-539-SDD-EWD

**NOTICE AND ORDER**

On July 3, 2019, plaintiff, Martin Carter ("Plaintiff") filed a Petition for Damages (the "Petition") against State Farm Mutual Insurance Company ("State Farm") and AmTrust North America ("AmTrust") for damages allegedly sustained in an August 18, 2017 automobile accident.[1] On August 16, 2019, Republic Underwriters Insurance Company ("Republic") filed a Notice of Removal pursuant to 28 U.S.C. § 1332.[2] As set forth herein, the Notice of Removal is deficient with respect to allegations of citizenship.[3]

First, Republic alleges that Plaintiff "[a]s pleaded...is and was a citizen of the State of Louisiana."[4] However, Plaintiff's Petition only alleges that Plaintiff resides in Louisiana.[5] In order to adequately plead Plaintiff's citizenship, Plaintiff's domicile must be alleged.[6]

Second, the Notice of Removal provides that "Republic (erroneously named AmTrust North America, Inc.), is and was a foreign insurer with its principal place of business in Dallas,

---

[1] R. Doc. 1-2.

[2] R. Doc. 1.

[3] With respect to the amount in controversy, Republic asserts that Plaintiff has provided medical bills that total $66,973.84. R. Doc. 1, ¶ 16. Although it appears that Plaintiff previously settled with the underlying insurer for policy limits of $15,000, R. Doc. 1-2, p. 7, ¶ 9, considering the remaining outstanding medicals and the January 18, 2018 email from Plaintiff's counsel, it appears that the amount in controversy here likely exceeds the jurisdictional threshold.

[4] R. Doc. 1, ¶ 10.

[5] R. Doc. 1-2, p. 6.

[6] With respect to natural persons, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

1

Texas…."[7] This is an insufficient allegation of Republic's citizenship. In the event Republic is a corporation, Republic's principal place of business and state of incorporation must be alleged.[8] In the event Republic is a limited liability company or other type of unincorporated association, Republic must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[9] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[10] Moreover, despite Republic's assertion that Republic, rather than AmTrust, "is the correct entity that should be named in this matter,"[11] because AmTrust was a named defendant in this action at the time of removal, AmTrust's citizenship must be adequately alleged for this Court to determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.[12] The Notice of Removal does not provide any citizenship information regarding AmTrust.

---

[7] R. Doc. 1, ¶ 12.

[8] *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[9] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[10] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[11] R. Doc. 1, p. 1 n. 1.

[12] *See*, *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in [plaintiff's] original petition as they existed at the time of removal.") & 438-439 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties in this action—De Jongh, Lloyds, and Johnson—are Texas residents.") (5th Cir. 2014). *See also*, *Touriac v. Chenevert*, No. 6:12-cv-01785, 2012 WL 4471143, at * 3 (W.D. La., Sept. 26, 2012) (refusing to consider the citizenship of an individual and entity who were not parties to the lawsuit at the time it was removed). Whether or not Republic believes that AmTrust should be a defendant, AmTrust is a named defendant and, therefore, AmTrust's citizenship must be adequately alleged.

Finally, Republic also does not adequately allege State Farm's citizenship. Instead, Republic only alleges that State Farm "is and was a foreign insurer with its principal place of business in Bloomington, Illinois…."[13] Again, in the event State Farm is a corporation, State Farm's principal place of business and state of incorporation must be alleged. If State Farm is an unincorporated association, Republic must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[14] In order to determine this Court's jurisdiction based on 28 U.S.C. § 1332, the citizenship of Plaintiff, Republic, State Farm, and Amtrust should be set forth in the Notice of Removal. Accordingly,

**IT IS HEREBY ORDERED** that on or before **September 3, 2019**, Republic Underwriters Insurance Company shall file a motion to substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of Martin Carter, Republic Underwriters Insurance Company, State Farm Mutual Insurance Company, and AmTrust North America.

**IT IS FURTHER ORDERED** that on or before **September 17, 2019**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Republic has established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on August 20, 2019.

                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 1, ¶ 13.
[14] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).