UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN CARTER

VERSUS

STATE FARM MUTUAL INSURANCE
COMPANY, ET AL

CIVIL ACTION
19-CV-00539 SDD-EWD

## RULING

Before the Court is a *Motion in Limine*[1] filed by the Plaintiff, Martin Carter ("Plaintiff"). The Defendant, Republic Underwriters Insurance Company ("Defendant"), has filed a *Memorandum in Opposition*.[2] For the following reasons the Motion is GRANTED in part and DENIED in part.

The trial of this matter is not yet scheduled. The Plaintiff has filed a Motion *in limine* seeking an *in limine* order on ten (10) issues. The Defendant does not oppose the Plaintiff's requests that there be no references to (1) a "conniving medical/legal machine"; (2) advertisements used by Plaintiff's counsel; (3) the potential effects on insurance rates of a verdict in Plaintiff's favor; (4) whether any award in Plaintiff's favor would be subject to taxes; and (5) the filing of any motion in limine."[3] Accordingly the Court GRANTS the Plaintiff's Motion *in Limine* as to those matters over which there is no dispute.

This case presents personal injury claims arising from a motor vehicle accident. The Court has diversity jurisdiction under 28 USC § 1332. Accordingly, the Court applies

---

[1] Rec. Doc. 29.
[2] Rec. Doc. 32.
[3] Rec. Doc. 32, p. 1 (citations omitted).

the substantive laws of the State of Louisiana but the Federal Rules of Evidence in this matter.

I.    **COLLATERAL SOURCES**

Plaintiff moves to exclude evidence of payments for medical expenses made by medical or worker's compensation insurers. Plaintiff also seeks to exclude evidence of "financial assistance" and "payments or guarantees of payments to medical providers made by plaintiff's counsel."[4]

Defendant concedes that evidence of payments by insurers is properly excludable under the collateral source rule. However, Defendant maintains that the collateral source rule does not apply to attorney-negotiated write-offs or discounts for medical expenses obtained as a product of the litigation process. The Court agrees. It is well settled, as a matter of Louisiana law, that the collateral source rule does not extend to "attorney-negotiated medical discounts obtained through the litigation process."[5] The Motion to exclude evidence of medical payments made by insurers is GRANTED. The Motion to exclude evidence of attorney negotiated write-off's is DENIED.

Plaintiff also seeks to exclude evidence of "payments or guarantees of payments to medical providers made by plaintiff's counsel."[6] Plaintiff cites the Louisiana Third Circuit Court of Appeal case *Francis v. Brown*,[7] which applied Louisiana Code of Evidence 409 and held that evidence of attorney payments or guarantees of medical expenses is unduly prejudicial and therefore inadmissible. The Court notes that, while Louisiana substantive law provides the rule of decision in this diversity case, the Federal Rules of

---

[4] Rec. Doc. 29-1, pp. 2-3.
[5] *Hoffman v. 21st Century North America Ins. Co.*, 2014-2279 (La. 10/2/15), 209 So.3d 702, 706.
[6] Rec. Doc. 29-1, p. 3.
[7] 95-1241 (La.App. 3 Cir. 3/20/96), 671 So.2d 1041, 1047.

Evidence govern the admissibility of evidence. Federal Rule of Evidence 409, the counterpart to LCE 409, does not specifically address the admissibility of evidence of medical payments offered to "mitigate, reduce, or avoid liability therefor."[8] Nonetheless, the Court finds that the prejudicial effect of inquiring into an attorney's guarantee of - or advance payment of - medical expenses outweighs the probative value of the evidence. Accordingly, the Plaintiff's Motion to exclude evidence of payments or guarantees of payments to medical providers made by Plaintiff's counsel is GRANTED.

## II.    FAILURE TO CALL ALL TREATING PHYSICIANS

Plaintiff moves to exclude "evidence or question[s] regarding his failure to call each and every one of his treating physicians."[9]  Plaintiff contends that his obligation is to prove the elements of his claim; that he is under no obligation to offer cumulative evidence; and allowing the Defendant to draw or ask for an adverse inference for the failure to call each and every medical provider is unduly prejudicial. Defendant opposes the Motion to exclude this line of inquiry as premature, arguing that a pretrial ruling would "essentially bar Defendant from pointing to the lack of support for one or more elements of his claims."[10]  The Court agrees that provoking or calling for an adverse inference for the failure to solicit testimony from numerous medical providers which may be cumulative is prejudicial. However, the Court likewise agrees that a pretrial ruling may unintentionally hinder the Defendant from arguing a failure of proof. Accordingly, this issue is referred to the trial on merits, all objections are reserved.

---

[8] La.Code Evid. art. 409.
[9] Rec. Doc. 29-1, p. 5.
[10] Rec. Doc. 32, p. 4.

### III. TIMING OF RETENTION OF COUNSEL AND COUNSEL'S REFERRAL OF PLAINTIFF TO MEDICAL PROVIDERS

Plaintiff argues that "informing the jury when plaintiff's lawyers were retained and/or that Martin Carter was referred to certain physicians by his lawyers is highly prejudicial, would taint the jury, and should not be permitted by this Honorable Court."[11] In making this argument, Plaintiff relies on the dissent in a Louisiana Third Circuit Court of Appeal case.[12] This Court has previously held that "the referral of Plaintiff by her lawyer to a physician and/or evidence of an ongoing referring relationship of counsel with that physician is relevant on the issue of possible bias and is therefore admissible" and that "questioning the plaintiff's treating physician about a billing agreement with counsel" is arguably admissible because "[a]n attorney is entitled to impeach his opponent's witness."[13] Accordingly, the Plaintiff's Motion is DENIED, without prejudice to re-urging objections at trial.

### IV. PRIOR CLAIMS OR LAWSUITS

Plaintiff moves to exclude evidence of prior claims and lawsuits, arguing that it is inadmissible as hearsay and more prejudicial than probative. The Court is disinclined make a relevance determination in a vacuum prior to trial. The pretrial motion is DENIED, objections are reserved to the time of trial.

---

[11] Rec. Doc. 29-1, p. 6.
[12] *Adams v. Canal Indemnity Co.*, 99-1190 (La.App. 3 Cir. 5/10/00), 760 So.2d 1197, writs denied, 2000-1636, 1637, 1649 (La. 9/22/00), 769 So.2d 1212, 1213.
[13] *Talbot v. Electric Insurance Company*, No. 17-299-SDD-EWD, 2018 WL 8224789, at *1 (M.D. La., Nov. 16, 2018)(internal citations and quotation marks omitted).

## V. CRIMINAL RECORD

Citing Federal Rule of Evidence Article 609, Plaintiff moves to exclude all evidence of Plaintiff's prior criminal history. Convictions over 10 years old shall be excluded. The Court will conduct a Rule 609 hearing outside the presence of the jury to address admissibility of evidence of past convictions. The issue is accordingly reserved to the time of trial.

## VI. SOCIAL MEDIA POSTS

Plaintiff also seeks exclusion of social media postings, purportedly by a Ms. Gould (not a party to this matter), arguing prejudice and lack of probative value.[14] The Court cannot make a relevance determination in a vacuum. The Motion for pretrial exclusion is DENIED, without prejudice to urging objections at the time of trial.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion in Limine*[15] is GRANTED in part and DENIED in part, as specified above.

Signed in Baton Rouge, Louisiana the 29th day of March, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. 29-1, p. 12.
[15] Rec. Doc. 29.